**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRIGIDO RANGEL,

Defendant-Appellant.

No.   17-10430

D.C. No. 3:15-cr-00579-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted October 22, 2018[**]

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Brigido Rangel appeals from the district court's judgment and challenges the

52-month sentence imposed following his guilty-plea conviction for conspiracy to

distribute and possess with intent to distribute heroin and methamphetamine, and

distribution and possession with intent to distribute heroin and methamphetamine,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rangel contends that the district court erred by denying his request for a minor role reduction under U.S.S.G. § 3B1.2. He argues that the district court failed to consider all of the factors listed in the commentary to the Guideline and did not adequately explain its reasons for denying the adjustment. We review the district court's interpretation of the Guidelines de novo and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz,* 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

Although the district court did not discuss all of the factors listed in the commentary to the minor role Guideline, the record shows the district court was aware of and considered those factors. *See United States v. Diaz,* 884 F.3d 911, 916 (9th Cir. 2018). Moreover, the district court's reasoning for denying the minor role adjustment is apparent from its lengthy colloquy with the parties. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (sentencing explanation can be inferred from the record). In light of the totality of the circumstances, including the large amount of heroin and methamphetamine Rangel transported, his prior successful transportations, and the organization's apparent trust in Rangel, the district court did not abuse its discretion in denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(C).

17-10430

**AFFIRMED.**